**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


PANAMA CITY BEACH CONDOS,
LIMITED PARTNERSHIP, etc.,

       Plaintiff,

v.                                CASE NO. 4:08cv369-RH/WCS

ADJUSTERS INTERNATIONAL
COLORADO, INC., etc.,

       Defendant.

_____/


**ORDER DENYING GREENBERG'S
MOTION FOR ATTORNEY'S FEES**


A defendant who prevailed on all claims against it—including a claim under the Florida civil-theft statute—has moved for an award of attorney's fees. The defendant relies on two statutes, but neither entitles the defendant to a fee award under the circumstances.

First, Florida Statutes § 768.79 allows a defendant to recover fees if it wins a case after the plaintiff rejects an offer of judgment. The defendant made two offers that were rejected, but the offers did not comply with the statute because they were conditioned—or at least could reasonably be understood to be conditioned—on

something the defendant could not have gotten in the lawsuit: a release that

extended to all claims the plaintiff might have had against the defendant, not just

those related to the lawsuit.  In addition, the statute allows a court to decline to

award fees if an offer is not made in good faith.  The defendant's offer was not

made in good faith because it included a demonstrably incorrect assertion about the

effect of the offer that, if believed, would have increased the pressure on the

plaintiff to accept the offer.

Second, the Florida civil-theft statute, § 772.11(1), allows a fee award

against a party who asserts a claim "without substantial fact or legal support."  The

theft claim at issue here had enough factual and legal support to avoid a fee award

under this standard.

# I

Panama City Beach Condos, Limited Partnership ("Panama") owned a

condominium building that was damaged by Hurricane Dennis.  Panama hired

Adjusters  International Colorado, Inc. ("Adjusters") to pursue Panama's claim

against its property insurer, Axis Surplus Insurance Company ("Axis").  A written

agreement obligated Panama to pay Adjusters—and said Panama assigned to

Adjusters—10% of the "amount adjusted or otherwise recovered."

Adjusters was unable to negotiate a payment by Axis of Panama's damages.

Panama retained a law firm—Greenberg Traurig, P.A. ("Greenberg")—and sued

Axis.  Panama obtained a judgment and then a settlement under which Axis paid

Panama $42.5 million.  With Greenberg's help—including the use of Greenberg's

out-of-state trust account—Panama arranged for the full proceeds to go to its

mortgagee without any payment to Adjusters for its services.

Panama filed a new lawsuit—this one—against Adjusters.  Panama asked

for a declaration that it owed Adjusters nothing because Adjusters failed to provide

competent adjusting services.  Adjusters counterclaimed, seeking a judgment for

the 10% fee.  Adjusters' counterclaim also sought recovery from Greenberg and

Axis for their roles in routing the $42.5 million payment to Panama's mortgagee

without ensuring the payment of Adjusters' 10% share.  One claim was that

Greenberg's actions violated the Florida civil-theft statute.

In due course I ruled that even if Panama assigned Adjusters 10% of the

proceeds as Adjusters claimed, and even if Adjusters performed competently, the

mortgagee's interest in the insurance proceeds was superior to Adjusters' interest.

The $42.5 million payment to the mortgagee thus was proper, and Adjusters had no

claim against Greenberg or Axis based on their role in routing the payment to the

mortgagee.  Summary judgment was granted in favor of Greenberg and Axis.

A later ruling further confirmed Adjusters' inability to recover from these

parties.  As it turns out, Adjusters illegally agreed to split the 10% fee, and Florida

law rendered the contract unenforceable.  Adjusters thus had no interest in the

$42.5 million proceeds, and neither Greenberg nor Axis was liable to Adjusters for blocking its receipt of a portion of the proceeds.

## II

More than 30 days before the summary-judgment ruling in its favor, Greenberg sent Adjusters two offers of judgment under Florida Statutes § 768.79. The first offer was for $5,000; the second was for $25,000. Under the statute, if a defendant makes an offer and the plaintiff does not accept it within 30 days, and if the defendant either wins outright or the plaintiff recovers no more than 75% of the amount offered, then the defendant is entitled to an award of attorney's fees from the date of the offer. There are analogous provisions allowing a plaintiff to make a demand for judgment and to recover attorney's fees. As a statute in derogation of the common law, § 768.79 must be strictly construed. *See Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 223 (Fla. 2003).

The statute applies in a federal diversity case. *See Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007); *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), *modified in part in other respects*, 311 F.3d 1077 (11th Cir. 2002). And the statute applies to a claim by one party against another, even when the parties are not technically the "plaintiff" and "defendant" in the main case.

Adjusters did not accept Greenberg's offer within 30 days or indeed ever. Having won the case on the merits, Greenberg now seeks an award of attorney's fees under the statute. Adjusters opposes the motion on various grounds. This order addresses only two: that the offers were conditioned on an overly broad general release and that they misstated the terms on which attorney's fees would be recoverable in the event the offers were rejected. Adjusters' other assertions are unfounded. *See* Order Determining That Axis Is Entitled to an Award of Costs and Attorney's Fees (document 321) (rejecting Adjusters' defenses to Axis's motion for a fee award under § 768.79).

A

The statute provides a mechanism for settling the specific lawsuit before the court. The statute provides for a fee award when a party rejects an offer to settle the specific lawsuit. The statute does not address the settlement of unrelated claims between the same parties.

This means that under the statute, "[a] proposal for settlement should not include conditions that, if accepted, would cause an offeree to give up a claim or right that it could not have otherwise lost in the litigation." *Nichols v. State Farm Mut.*, 851 So. 2d 742, 746 n.3 (Fla. 5th DCA 2003) (citing *Martin v. Brousseau*, 564 So. 2d 240 (Fla. 4th DCA 1990)). Instead, "[w]hen an offer contains as a

condition a 'general release,' care should be taken to insure that the proposed

release does not seek to extinguish claims that are extrinsic to the litigation." *Id*;

*accord Palm Beach Polo Holdings, Inc. v. Village of Wellington*, 904 So. 2d 652,

653 (Fla. 4th DCA 2005) (holding that an offer is invalid if it contains a proposed

release that "is not limited to damages arising out of the underlying action"), *cited*

*approvingly in State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1080

(Fla. 2006); *Dryden v. Pedemonti*, 910 So. 2d 854, 855-56 (Fla. 5th DCA 2005);

*see also Zalis v. M.E.J. Rich Corp.*, 797 So. 2d 1289, 1290 (Fla. 4th DCA 2001)

(holding that an offer cannot contain "[t]he condition that a plaintiff relinquish all

rights to sue about anything at any point in the future").

Different courts have attributed this rule to different statutory provisions, but

all have agreed on the substance of the rule. *See Nichols*, 851 So. 2d at 746 n.3

(suggesting that the rule is derived from the requirement that an offer of judgment

be made in good faith); *Palm Beach*, 904 So. 2d at 653-54 (suggesting that the rule

is an extension of the requirement that an offer's nonmonetary terms be stated with

particularity); *Dryden v. Pedemonti*, 910 So. 2d 854, 857-58 (Fla. 5th DCA 2005)

(Griffin, J., specially concurring) (attributing the rule to the statute's purposes).

Each of Greenberg's offers of judgment provided:

> This Offer is made as a proposal to resolve all claims between
> Greenberg Traurig and Adjusters, asserted or unasserted, direct or

indirect, including all claims for compensatory damages (economic
and non-economic), extraordinary/punitive damages, prejudgment
interest, costs, and attorney's fees.

Offers of Judgment at 1 (document 331 at 13, 17). A reasonable interpretation of

this provision is that if Adjusters accepted the offer, Adjusters would be giving up

all of its claims against Greenberg, whether or not related to the lawsuit. This is

more than Greenberg could have obtained by winning the lawsuit. The offer thus

did not comply with § 768.79, and its rejection provides no basis for a fee award.

Four considerations do not change this conclusion. First, the release

provision could perhaps be *construed* to apply only to claims that were or could

have been asserted in this lawsuit. So construed, the provision would go no further

than a judgment; under the res judicata doctrine, a judgment resolves all claims that

were or could have been litigated in the case. But ambiguities in an offer of

judgment must be resolved against the offeror, not against the offeree. *See*

*Nichols*, 851 So. 2d at 745-46 (deeming an offer invalid because it was unclear

whether it would settle claims unrelated to the litigation) (citing *Lucas v. Calhoun*,

813 So. 2d 971 (Fla. 2d DCA 2002)); *see also Dryden*, 910 So. 2d at 857 ("The

burden of clarifying the intent or extent of a settlement proposal cannot be placed

on the party to whom the proposal is made."). As *Dryden* put it, Greenberg's offer

was "not as clear and as certain as it should be, in order to task a plaintiff with the

duty to accept a proposal for settlement pursuant to the offer of judgment rule, or risk the sanction of paying the defendant's attorney's fees." 910 So. 2d at 857.

Second, Greenberg perhaps *intended* the release provision to apply only to claims related to this lawsuit, not to unrelated claims. This seems unlikely; if Greenberg's intent was only to obtain what a judgment would itself provide, why would Greenberg include a release provision that put at risk its ability to obtain a fee award? But even if Greenberg indeed intended the release provision to apply only to claims related to this lawsuit, it still would not matter. The controlling consideration is the language of the offer, not the offeror's subjective intent. *See Sparklin*, 960 So. 2d at 898; *Dryden*, 910 So. 2d at 857 (Griffin, J., specially concurring).

Third, Adjusters may not have had any claim or potential claim against Greenberg unrelated to this lawsuit. If Adjusters had no such claim or potential claim, then the overly broad portion of the release provision applied only to nonexistent claims. Even so, a party sometimes values the peace of mind that comes from a broad general release; that is why defendants often demand them. And a plaintiff sometimes does not know whether it has a claim—or potential claim—against a defendant unrelated to a current lawsuit; that is why a plaintiff sometimes balks at providing so broad a general release. Adjusters has worked on

other insurance claims, and Greenberg has represented other clients—not just in insurance matters, but also in more than a few major commercial and financial transactions. If Adjusters has worked on other insurance claims where Greenberg was involved—or if Adjusters has bought real estate, made financial investments, or administered an employee retirement account that bought securities issued by a Greenberg client—it may have a claim or potential claim against Greenberg. A release of any such claim is not something Greenberg could have obtained by a judgment in this lawsuit.

Fourth, barring a fee recovery on this basis does not put an undue burden on offerors or interfere with the operation of § 768.79. As one Florida judge has persuasively noted, an offer of judgment need not include any term dealing with a release at all:

> If the [release] is something to which the settling litigant is already entitled by operation of law, [it] is superfluous. If it [goes beyond] what the settling litigant would be entitled to, it ought to invalidate the offer. Section 768.79, Florida Statutes, appears to contemplate a straightforward and exclusively mathematical test: compare the amount of the rejected offer to the amount of the plaintiff's verdict, and apply the twenty-five percent differential. Under section 768.79, you offer an "amount," not a deal. You can't apply mathematics to "nonmonetary offers." . . . Nonmonetary terms introduce elements into the settlement process that are not designed to be there. . . . Under *Nichols*, the only enforceable "nonmonetary condition" allowable under the rule is one that does not go beyond what the offeror would be entitled to by operation of law, upon settlement. . . . Where an "extra" nonmonetary condition is added and the offer is

rejected, . . . there is no basis for an award of fees.

*Dryden*, 910 So. 2d at 857-58 (Griffin, J., specially concurring); *see also Sparklin*

*v. S. Indus. Assocs., Inc.*, 960 So. 2d 895, 898 n.1 (Fla. 5th DCA 2007).  Though

Florida law allows the party making an offer of judgment to insist on a (properly

limited) release, it is not too much to ask that the offeror make clear that its

proposed release is limited to claims that were or could have been made in the

lawsuit.

In sum, Greenberg's inclusion in its offers of judgment of a release provision

not limited to claims that were or could have been made in this lawsuit precludes

Greenberg from recovering attorney's fees based on Adjusters' rejection of the

offers.

## B

A separate and independent basis for denying Greenberg's claim for a fee

award under § 768.79 is this.  Under § 768.79(7)(a), a court may "disallow" a fee

award if an offer of judgment "was not made in good faith."  Greenberg's offers

each said:

> If the Judgment, if any, finally obtained by Adjusters is not more
> favorable than the Offer as provided under Section 768.79(1), then
> Adjusters must pay the attorney fees and costs incurred by Greenberg
> Traurig after the making of this Offer.

Offers of Judgment at 2 (document 331 at 14, 18).

This statement is demonstrably incorrect. Under § 768.79, if a defendant's offer of judgment is rejected and the defendant either wins outright or the plaintiff recovers *no more than 75% of the amount offered*, then the defendant is entitled to an award of attorney's fees from the date of the offer. Greenberg left out the 75% provision, asserting instead that it would be entitled to a fee award if the litigated outcome was more favorable to Greenberg—by any amount—than the offer.

A misstatement of this kind does or at least could increase the pressure on the adverse party to accept the offer. An offer with such a misstatement thus is not made in "good faith" within the meaning of § 768.79(7)(a). I exercise my discretion not to award fees based on these offers.

## III

Greenberg also seeks an award of attorney's fees for having to defend against Adjusters' civil-theft claim. Under Florida Statutes § 772.11, a defendant "is entitled to recover reasonable attorney's fees and court costs . . . upon a finding that the claimant raised a [civil-theft] claim that was without substantial fact or legal support."

Greenberg knew the terms of the contract between Panama and Adjusters. Adjusters' theory on the civil-theft claim was that Greenberg—with knowledge that Panama had assigned to Adjusters a 10% share of any recovery from

Axis—improperly steered Axis's payment to Panama's mortgagee and thus deprived Adjusters of its rightful 10% share. Adjusters lost on its civil-theft claim. But that does not mean the claim lacked a substantial basis—it did not. Greenberg is not entitled to a fee award under § 772.11.

IV

For two separate and independent reasons, each of which would be sufficient standing alone, Greenberg is not entitled to a fee award under Florida Statutes § 768.79. First, Greenberg's offers of judgment included a release provision that could reasonably be construed to apply to claims unrelated to this lawsuit. Second, Greenberg's offers misstated the statute's fee provision and thus were not made in good faith. Greenberg also is not entitled to a fee award under the Florida theft statute. For these reasons,

IT IS ORDERED:

Greenberg's motion (document 331) for attorney's fees and related nontaxable expenses is DENIED.

SO ORDERED on December 28, 2009.

s/Robert L. Hinkle_____
United States District Judge